```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,

        - against -                       MEMORANDUM AND ORDER

ANTHONY PATTERSON,                        06 Cr. 80-6 (NRB)

              Defendant.
---------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Anthony Patterson was convicted, following a jury trial, of participating in a conspiracy to distribute 1,000 kilograms and more of substances containing a detectable amount of marijuana, in violation of 18 U.S.C. §§ 841(a)(1), and 841(b)(1)(A), and possessing firearms in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c).  The Court imposed on defendant the lowest sentence that was legally permissible, and defendant is currently serving a sentence of 300 months: 240 months on Count I and 60 months on Count II, to be served consecutively.  See ECF Nos. 139; 192.  Defendant now moves for compassionate release from Great Plains Correctional Facility, citing the health risk posed by the COVID-19, and also moves for sentence reduction under the First Step Act.  For the following reasons, defendant Patterson's motion is denied.

We first address Patterson's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce [a] term of imprisonment" if, after considering the factors

set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a consideration . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C § 3582(c)(1)(A).  A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3553(c)(1)(A).  As the movant, Patterson bears the burden of showing that his release is justified under Section 3582(c)(1)(A). See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).

Defendant attached a copy of his request for compassionate release that he had made to the Bureau of Prisons.  That request was addressed to the warden of FCI Oakdale II.  See ECF No. 316 at 13; 15.  However, for a motion that is not one filed by the Bureau of Prisons, which is the case here, Section 3582(c)(1)(A)(i) requires either the exhaustion of administrative remedies or "the lapse of 30 days from the receipt of [a request for release] <u>by the warden of the defendant's facility</u>." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).  Defendant states that he is

currently incarcerated in Great Plains Correctional Facility, but there is no record of defendant submitting a request for release to the warden of Great Plains Correctional Facility. Because the Court does not have an authority to waive defendant's compliance with Section 3582(c)(1)(A)'s exhaustion requirement, see United States v. Pereyra-Polanco, No. 19 Cr. 10 (NRB), 2020 WL 1862639, at *1 (S.D.N.Y. Apr. 14, 2020), defendant's motion for compassionate release may be denied for failure to exhaust.[1]

Even were we to assume that the lapse of 30 days from the receipt of defendant's request by the warden of the facility defendant was previously incarcerated, namely FCI Oakdale II, could satisfy the exhaustion requirement of Section 3582(c)(1)(A), compassionate release is not warranted here. The COVID-19 outbreak and the enhanced risk of exposure to the virus as proffered by defendant does not in and of itself constitute an extraordinary and compelling reason to reduce the defendant's sentence. Defendant does not suggest that the exposure to COVID-19 would pose a greater risk to him than to others. Nor does he suggest that he has any underlying medical conditions that would make him

---

[1] Defendant's motion papers indicate that he had been imprisoned in FCI Oakdale II as of March 4, 2020, see ECF No. 316 at 13, but was imprisoned in the Great Plains Correctional Facility as of April 5, 2020. Id. at 14. Accordingly, defendant presumably was transferred out from FCI Oakdale II at some point between those dates. Given the timing, it is possible that the Bureau of Prisons transferred defendant in response to his request for compassionate release. In that case, defendant's transfer itself can be deemed as grant of an administrative remedy, which defendant may challenge. However, that request does not satisfy the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A)(i) to make a request to the warden of his current facility.

3

more vulnerable to the exposure to COVID-19.  Moreover, defendant's age does not fall within the age range that has been identified as most at risk.[2]

Even if the risk associated with COVID-19 constituted an extraordinary and compelling reason, which it does not, the application of factors set forth in 18 U.S.C. § 3553(a) would still counsel strongly against release.[3]  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  See 18 U.S.C. § 3553(a)(1), (a)(2)(A).  Defendant was convicted of participating in a narcotics conspiracy that distributed marijuana on a scale of thousands of kilograms over multiple years.  Defendant assumed a leadership role in the operations of that conspiracy after his predecessors had been arrested.  Moreover, defendant committed the offense, for which he is currently incarcerated, while he was under the supervision of

---

[2] See CDC, People Who Are at Higher Risk for Severe Illness, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (identifying individuals 65 years and older as at high-risk of severe illness from COVID-19).

[3] "[A] court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its direction, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances."  United States v. Gotti, No. 02 Cr. 743-07 (CM), 2002 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).

New York State Division of Parole in connection with a conviction of the state felony for possessing a controlled substance.  Under the circumstances, the Court concludes that consideration of Section 3553(a) factors would not warrant a reduction of sentence.

In this motion, defendant also references the First Step Act Section 401(a)(2)(A)(i), which narrowed and limited mandatory minimum penalty enhancements based on prior drug convictions.  However, as conceded by defendant, that section applies only prospectively and does not provide a basis for sentence reduction in retrospect.  See United States v. Bryant, No. 06 Cr. 17 (LTS), 2020 WL 1151454, at *2 (S.D.N.Y. Mar. 10, 2020).  Therefore, a reduction of defendant's sentence is not warranted under the First Step Act.

For the foregoing reasons, the Court denies defendant Patterson's motion.  This Memorandum and Order resolves the ECF Docket Entry No. 316.

**SO ORDERED.**

Dated:    New York, New York
          June 23, 2020

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

**Defendant(*pro se*)**
Anthony Patterson

**A copy of the foregoing Memorandum and Order has been mailed to the following**:
Anthony Patterson (#57631-004)
(GEO) Great Plains Correctional Facility
P.O. Box 400
Hinton, OK 73047