```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

        - against -                    MEMORANDUM AND ORDER

ANTHONY TYREE PATTERSON,                  06 CR 80 (NRB)

              Defendant.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Before the Court is an application by Anthony Patterson ("Patterson" or "defendant") to reduce his twenty-five-year sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 376, 380. The Government opposes defendant's motion.[1] Defendant is fifty-four years old, currently incarcerated at FCI Yazoo City Low II in Yazoo City, Mississippi, and has already served eighteen years of his twenty-five-year sentence. His projected release date is November 12, 2027.[2] For the following reasons, defendant's motion is granted.

---

[1] Defendant initially filed a pro se motion for compassionate release. ECF No. 376. After defendant retained counsel, the Court granted his unopposed motion to stay, ECF Nos. 378, 379, and defense counsel filed a supplemental motion for compassionate release on July 30, 2024, ECF No. 380. The Government filed its opposition on September 24, 2024, ECF No. 381, which defendant, through counsel, responded to on September 27, 2024, ECF No. 382. On November 6, 2024, defense counsel submitted a notice of supplemental authority. ECF No. 383.

[2] See Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited November 11, 2024).

## BACKGROUND

Following a jury trial, Patterson was convicted of participating in a conspiracy to distribute 1,000 kilograms and more of substances containing a detectable amount of marijuana, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count One"), and possessing firearms in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c) ("Count Two").  ECF No. 139.

The sentence imposed on Patterson was the mandatory minimum of 300 months: 240 months on Count I and 60 months on Count II, to be served consecutively.  See ECF Nos. 139, 192.  Because the Government filed a notice[3] pursuant to 21 U.S.C. § 851 prior to trial, ECF No. 91 (July 14, 2008 Presentence Investigative Report ("PSR")), ¶ 5, the mandatory minimum for Count One increased from ten years to twenty years, 21 U.S.C. §§ 841(b)(1)(A), 846, 851; PSR ¶ 183.  The mandatory minimum sentence of five years for Count Two must be served consecutively.  21 U.S.C. § 924(c); PSR ¶ 183.

## DISCUSSION

A court may reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) "only if three conditions are in place." United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam).  First, the defendant must have "fully exhausted all

---

[3]   The Government filed a felony information based on defendant's 1990 conviction in New York State for criminal possession of a controlled substance in the second degree.  ECF No. 91; PSR ¶ 140.

administrative" remedies before moving for compassionate release. 18 U.S.C. § 3582(c)(1)(A).[4]  Next, the defendant must demonstrate that "extraordinary and compelling reasons warrant" a sentence reduction.  Id. § 3582(c)(1)(A)(i).  Lastly, the district court must consider "the factors set forth in" 18 U.S.C. § 3553(a) "to the extent that they are applicable."  Id. § 3582(c)(1)(A).

For the reasons stated below, the Court finds that extraordinary and compelling reasons, as well as application of the § 3553(a) factors, counsel in favor of Patterson's release.

## I. Extraordinary And Compelling Reasons

A defendant "must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, . . . a sentence reduction . . . would not simply constitute second-guessing of the sentence previously imposed."  Keitt, 21 F.4th at 71; see also 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has identified a defendant's "unusually long sentence" as one such "extraordinary and compelling" condition.  U.S.S.G. §1B1.13(b)(6).[5]  Under §1B1.13(b)(6), a district court may grant relief if (a) a defendant

---

[4]   The Government does not assert that Mr. Patterson failed to exhaust his administrative remedies, ECF No. 381, and thus exhaustion is not at issue, see United States v. Vasquez, No. 96-CR-1044 (HG), 2024 WL 2385264, at *3 (E.D.N.Y. May 23, 2024) (collecting cases).

[5]   Section 1B1.13 is binding on district courts considering motions brought by defendants.  See United States v. Rivera Rodriguez, No. 12-CR-269-2 (JGK), 2024 WL 4355031, at *2 (S.D.N.Y. Sept. 27, 2024) (collecting cases).

who "received an unusually long sentence" "has served at least 10 years;" (b) "a change in the law" has "produce[d] a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed;" and (c) the court has fully considered "the defendant's individualized circumstances." Id.

Patterson, who has served eighteen years of his current sentence, may rely on this guideline to establish "extraordinary or compelling reasons" for early release.  Both parties agree that an intervening change in the law has produced a disparity between Patterson's current sentence and the applicable mandatory minimum if he were sentenced today.  See ECF Nos. 380 at 12, 381 at 4.[6] More specifically, if sentenced today, Patterson would face a mandatory minimum of fifteen years, as opposed to twenty-five years, because defendant's 1990 New York conviction for criminal possession of a controlled substance in the second degree is no longer considered a "serious drug felony" under § 841(b)(1)(A). See id.; see also United States v. Minter, 80 F.4th 406, 408-413 (2d Cir. 2023).  On these facts, there is a "gross disparity"

---

[6]   Defense counsel speculates that this Court would have sentenced Patterson to fifteen years had it been permitted to do so.  See ECF No. 380 at 12. Although the Court stated during the sentencing of Patterson's co-defendant, Adrean Francis, that it "would not [have] sentence[d]" Mr. Francis to fifteen years had it "felt free to do so," ECF No. 201 at 14:6-8, Patterson offers no evidence of the Court's contemporaneous view of the appropriate sentence. Defense counsel's speculation that this Court's sentencing decisions are wholly constrained by the application of mandatory minimums is off-putting.

between defendant's current sentence and the sentence he would receive if he were convicted today. See, e.g., United States v. Monk, No. 10-CR-00197 (ER), 2024 WL 3936351, at *5 (S.D.N.Y. Aug. 26, 2024) (finding "a five-year (or sixty-month) difference constitutes a gross disparity"); United States v. Pierce, No. 11-CR-576 (PKC), 2024 WL 2219739, at *9 (S.D.N.Y. May 15, 2024) (finding difference between current sentence of 540 months and the sentence defendant would receive today to be "striking and substantial").[7]

There are further considerations which support Patterson's application for compassionate release.  First, although "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason," United States v. Brooker, 976 F.3d 228, 238 (2d Cir. 2020) (alterations in original), rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. §1B1.13(d).  While in prison, defendant has completed multiple

---

[7] The Court's determination of "the sentence likely to be imposed" today is based, in part, on the circumstances of this case.  Both parties proffer inapposite cases with distinguishable circumstances. ECF No. 381 (citing United State v. Rodriguez, 10-cr-905 (LTS), ECF No. 2449, at 6 (S.D.N.Y. Aug. 19, 2024) (finding "no gross disparity between a 180-month sentence and the 240-month sentence that was imposed" where defendant was personally involved in "violent assaults and an attempted cover-up of murder")); ECF No. 383 (citing United States v. Johnson, No. 96-CR-932 (FB), 2024 WL 4517550, at *8 (E.D.N.Y. Oct. 17, 2024) (granting compassionate release for reasons other than §1B1.13(b)(6))).

educational courses, provided sanitation services to correctional staff's private areas and offices, and has an exemplary disciplinary record.  See ECF No. 380 at 14-16.  The Court agrees with the Government's assessment that these "efforts are commendable."  ECF No. 381 at 5 n.2.

Additionally, the Sentencing Commission's study on "The Effects of Aging on Recidivism Among Federal Offenders" supports defendant's release.  Patterson is currently fifty-four years old, and defendants in their fifties have lower recidivism rates than younger defendants.  See U.S. Sentencing Comm'n, Effects of Aging on Recidivism Among Federal Offenders, Dec. 2017, at 24.  Patterson's projected release date is November 12, 2027.  That this Court would be shortening his sentence by three years, when he is already at an age at which he is less likely to be re-arrested, supports a finding of compassionate release.

Also significant is the fact that defendant is subject to removal from the United States.  At the time of his sentencing, the United States Immigration and Customs Enforcement ("ICE") lodged a detainer against defendant, a Jamaican citizen.  PSR at 1, 2; ECF No. 380 at 12.  Accordingly, as part of his sentence, defendant is required to "obey the immigration laws and comply with the directives of the immigration authorities."  ECF No. 139 at 4. Defendant, who has family in Jamaica, has acknowledged that

he will be "deported back to Jamaica" upon completion of his sentence. ECF No. 380 at 3. The government informed the Court via email on November 19, 2024 that ICE intends to effectuate the defendant's removal to his home country of Jamaica if he is to be released.

## II. 18 U.S.C. § 3553(a) Factors

Finally, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), which include "the nature and circumstances of the offense," the need for the sentence imposed "to provide just punishment for the offense," the need "to protect the public from further crimes of the defendant," and the "need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C), (a)(6).

There is no question that the defendant committed a serious offense,[8] and that the Court's original sentencing decision was appropriate. However, the Court finds that defendant's service of approximately eighteen years in prison "provide[s] just punishment" for his offenses, otherwise satisfies the goals of §

---

[8] The Court is unpersuaded by defense counsel's claim that "the changing law and policy towards marijuana" weigh in favor of Patterson's application. ECF No. 380 at 20. Trafficking 1,000 kilograms of any drug, even marijuana, was, and remains, a serious offense, and defendant's out of Circuit cases are unavailing.

3553, and is consistent with applicable policy statements issued by the Sentencing Commission.[9]

The Court is likewise satisfied that defendant will not pose a danger to any persons or to the community, since he is subject to removal from the United States.  Additionally, as discussed above, Patterson is less likely to pose a danger, given that defendants in their fifties have lower recidivism rates than younger defendants.  See U.S. Sentencing Comm'n, Effects of Aging on Recidivism Among Federal Offenders, Dec. 2017, at 24.

Moreover, reducing Patterson's sentence would not create an unwarranted disparity between his sentence and those of his co-defendants.  All of his co-defendants have already been released.

---

[9]   The additional years Patterson has spent incarcerated, in addition to changed circumstances discussed above, materially distinguish this compassionate release motion from the previous motions Patterson has made and the Court has denied.  See, e.g., ECF Nos. 322, 365.

**CONCLUSION**

Having concluded that Patterson is entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), his motion is granted, and the Clerk of the Court is directed to terminate the motions pending at ECF Nos. 376, 378, 380.  Defendant is to be released solely to ICE custody in order to initiate his removal proceedings to Jamaica.

Dated:    November 21, 2024
          New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　NAOMI REICE BUCHWALD
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE